**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Folly East Indian Co. LLC, Appellant,

v.

City of Folly Beach, Respondent,

and

Save Folly's Future, Intervenor.

Appellate Case No. 2024-000814

———————

Appeal From Charleston County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-075
Submitted February 2, 2026 – Filed February 18, 2026

———————

**AFFIRMED**

———————

Alice F. Paylor, of Saxton & Stump, LLC, of Mt.
Pleasant; and Bijan Khaladj-Ghom, of Saxton & Stump,
LLC, of Charleston, both for Appellant.

Joseph C. Wilson, IV, of Joseph C. Wilson Law Firm
LLC, of Folly Beach, for Respondent.

Robert Marc Turkewitz, of Law Ofc. of Robert M. Turkewitz, LLC, of Charleston, for Intervenor.

---

**PER CURIAM:**  Folly East Indian Co. LLC (Folly East Indian Co.) appeals the circuit court's order granting City of Folly Beach's (City's) and Save Folly's Future's motions for summary judgment, and denying Folly East Indian Co.'s motion for summary judgment on its cause of action for a declaratory judgment as to City's adoption of an ordinance pursuant to the initiative and referendum process creating a cap on short-term rental business licenses.  On appeal, Folly East Indian Co. argues the circuit court erred in finding (1) the ordinance was validly enacted pursuant to the initiative and referendum process and (2) there was no genuine issue of material fact as to whether City deprived Folly East Indian Co. of a vested right by adopting the amendment to the ordinance.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in granting City's motion for summary judgment.  *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (second and third alterations in original) (quoting Rule 56(c), SCRCP)).  Although the ordinance may have had an impact on land use, *I'On, L.L.C. v. Town of Mount Pleasant*[1] did not mandate that *all* ordinances touching upon land use be enacted pursuant to the South Carolina Local Government Comprehensive Planning Enabling Act of 1944,[2] and the ordinance at issue only amended City's business regulations to impose a cap on the number of issued short-term rental business licenses, did not amend City's zoning ordinance, did not rezone any properties, applied to the entire city, and did not determine where any specific activities may occur.  *See I'On*, 338 S.C. at 423, 526 S.E.2d at 725 ("*[Z]oning* by initiative and referendum is not allowed in South Carolina pursuant to [s]ections 5-17-10 and [5-17]-30." (emphasis added)); *id.* at 416-17, 526 S.E.2d at 721 ("Such a system ultimately could nullify a carefully established zoning system or master plan developed after debate among many interested

---

[1] 338 S.C. 406, 526 S.E.2d 716 (2000).
[2] S.C. Code Ann. §§ 6-29-310 to -1640 (2004 & Supp. 2025).

persons and entities, resulting in arbitrary decisions and patchwork zoning with little rhyme or reason."); *Greenville County v. Kenwood Enters.*, 353 S.C. 157, 165, 577 S.E.2d 428, 432 (2003) ("[W]hile the Comprehensive Planning Act governs zoning, it simply does not evince a legislative intent to completely prohibit any other local enactments from touching upon zoning or land use."), *overruled on other grounds by Byrd v. City of Hartsville*, 365 S.C. 650, 660 n.11, 620 S.E.2d 76, 81 n.11 (2005); *id.* at 167, 577 S.E.2d at 433 ("*I'On* does not stand for the proposition that **any** ordinance affecting land use must be part of the comprehensive plan and enacted pursuant to the Comprehensive Planning Act. Instead, *I'On* simply held that land use regulation cannot be effected via the referendum and initiative process . . . . To accept [this] expansive reading of *I'On* would necessarily eviscerate a [c]ounty's ability to exercise its police power if that exercise in any way impacted land use.").

2. We hold the circuit court did not err in granting City's motion for summary judgment because the ordinance did not infringe upon any of Folly East Indian Co.'s vested rights and the Vested Rights Act[3] was inapplicable because Folly East Indian Co. was not developing any properties, nor were they doing so pursuant to any approved site-specific development plan. *See Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC*, 440 S.C. at 459, 892 S.E.2d at 299 ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (second and third alterations in original) (quoting Rule 56(c), SCRCP)); § 6-29-1520(10) ("'Vested right' means the right to undertake and complete the development of property under the terms and conditions of a site[-]specific development plan or a phased development plan as provided in this article and in the local land development ordinances or regulations adopted pursuant to this chapter."); § 6-29-1520(9) ("'Site[-]specific development plan' means a development plan submitted to a local governing body by a landowner describing with reasonable certainty the types and density or intensity of uses for a specific property or properties. The plan may be in the form of, but is not limited to, the following plans or approvals: planned unit development; subdivision plat; preliminary or general development plan; variance; conditional use or special use permit plan; conditional or special use district zoning plan; or other land-use approval designations as are used by a county or municipality."). Additionally, a

---

[3] S.C. Code Ann. §§ 6-29-1510 to -1560 (Supp. 2025).

person cannot acquire a vested right to continue, when once licensed, in a business. *See Dantzler v. Callison*, 230 S.C. 75, 94, 94 S.E.2d 177, 188 (1956) ("No person can acquire a vested right to continue, when once licensed, in a business, trade or profession which is subject to legislative control and regulation under the police power . . . .").

**AFFIRMED.**[4]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.